# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**FINANCE OF AMERICA REVERSE LLC,**

    **Plaintiff,**

    v.

**ELIZABETH ALMODÓVAR-FIGUEROA, et al.,**

    **Defendant.**

**Civil No. 16-3017 (ADC)**

## OPINION AND ORDER

On November 23, 2016, plaintiff Finance of America Reverse LLC initiated this mortgage-foreclosure suit, involving land in Ponce, Puerto Rico, by filing a complaint against defendants Estate of Ramón Almodóvar-Rivera ("Estate"), Centro de Recaudación de Ingresos Municipales ("CRIM"), Departamento de Hacienda de Puerto Rico ("Hacienda"), and the United States of America. **ECF No. 1**. According to the complaint, decedent Ramón Almodóvar-Rivera died in June 2016, and his Estate is comprised of six named heirs – all siblings of one another– and possibly one or more unknown John Doe heirs. *Id*., at ¶¶ 11, 15-21; *see also* **ECF No. 3-3**, ¶ 6.

Plaintiff has twice moved the Court to authorize service by publication on any John Doe members of the Estate pursuant to Rule 4.6 of the Puerto Rico Rules of Civil Procedure of 2009. **ECF Nos. 3**, **15**. Plaintiff has also twice moved the Court to authorize service by publication on two named members of the Estate, Angelica Almodóvar-Figueroa and Gladys Almodóvar. **ECF Nos. 13**, **14**. Notably, plaintiff personally served the four other named members of the Estate at

locations throughout Ponce. **ECF Nos. 6**, **7**, **8**, **10**. The Court now denies those motions due to plaintiff's failure to make pertinent attempts to identify or locate the unserved parties.

"Under Federal Rule of Civil Procedure 4, absent contrary federal law, one way that a plaintiff may serve a defendant is by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Serra* v. *Banco Santander P.R.*, 747 F.3d 1, 8 (1st Cir. 2014) (quoting Fed. R. Civ. P. 4(e)(1)). Rule 4.6 of the Puerto Rico Rules of Civil Procedure of 2009 permits a court to order service by publication on a defendant if she "cannot be located although pertinent attempts have been made." P.R. Laws Ann., tit. 32, App. V, R. 4.6(a) (own translation). Rule 4.6's requirements are "interpreted in a strict and technical manner." *Senior Loiza Corp.* v. *Vento Dev. Corp.*, 760 F.2d 20, 24 (1st Cir. 1985) (construing similar 1979 version of the Rule). This "strictness" is warranted because "service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant – publication – that is quite likely to go unobserved." *Id.*

It is established law that "when a claim is proffered that threatens a person's life, liberty, or property, that person is entitled to notice and an opportunity to be heard before a court awards any substantial relief." *Vázquez-Robles* v. *CommoLoco, Inc.*, 757 F.3d 1, 2 (1st Cir. 2014) (citing *Mullane* v. *Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Pursuant to that basic guarantee, grounded in due process, "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, . . . if [the party's] name and address are reasonably

ascertainable." *Mennonite Bd. of Missions* v. *Adams*, 462 U.S. 791, 800 (1983). As will be shown below, plaintiff has failed to take sufficient steps to determine whether the name and/or address of the unserved co-defendants are, indeed, not reasonably ascertainable.

According to plaintiff's motions on the John Doe heirs, the "only surviving heirs" of the decedent are the six named members of his Estate. **ECF Nos. 3**, ¶ 3; **15**, ¶ 3. However, plaintiff speculates that there may also be some "unknown heirs." **ECF Nos. 3**, ¶ 4; **15**, ¶ 4. On that basis, plaintiff requests permission not only to serve the John Doe heirs by publication, but also to "be relieved from the requirement of sending [them] a copy of this Summons and Complaint . . . by certified mail/return receipt requested." **ECF Nos. 3**, ¶¶ 5-6; **15**, ¶¶ 7-8. In support of its request, plaintiff has submitted only the affidavit of an investigator in the State of Florida. *See* **ECF Nos. 3-3**; **15-3**. According to the affidavit, the investigator, Mariela Linares, was able to confirm that the decedent is indeed dead, but was unable to find information about his heirs after running a series of database searches. **ECF Nos. 3-3**, ¶¶ 2-5; **15-3**, ¶¶ 2-5. Linares then telephoned one of the decedent's heirs, Elizabeth Almodóvar-Figueroa, from whom Linares learned the names of the decedent's six children and that the decedent died intestate. **ECF Nos. 3-3**, ¶ 6; **15-3**, ¶ 6. Linares also learned the home addresses of the decedent's six children, all of whom still live in Ponce, Puerto Rico. **ECF Nos. 3-3**, ¶ 7; **15-3**, ¶ 7. It appears that Linares did not contact any of the decedent's five other children to inquire into the possible existence of additional heirs. Thus, plaintiff has concluded that it cannot ascertain the existence or identity of additional heirs based on Linares' single conversation with only one of the six known heirs.

Next, according to the motions about the two named co-defendants, plaintiff's process server "tried" to personally serve them, but "could not" do so. **ECF Nos. 13**, ¶ 2; **14,** ¶ 2. Plaintiff asserts that it has "not been able to obtain further information regarding" those co-defendants. **ECF Nos. 13**, ¶ 4; **14**; ¶ 4. Thus, plaintiff has concluded that personal service "is not practicable and service by publication is necessary." **ECF No. 13**, ¶ 5; **14**, ¶ 5. However, according to the process server's affidavit, neither Angelica Almodóvar-Figueroa, nor Gladys Almodóvar, still lives in their "last known residential address." **ECF Nos. 13-3**, ¶¶ 4-7; **13-4**, ¶¶ 4-7; **14-3**, ¶¶ 4-7; **14-4**, ¶¶ 4-7. The "last known residential address" used by the process server was the address that Elizabeth Almodóvar-Figueroa gave to Mariela Linares in their October 2016 conversation. *Compare* **ECF Nos. 13-3**, ¶ 4; **13-4**, ¶ 4; **14-3**, ¶ 4; **14-4**, ¶ 4, *with* **ECF Nos. 3-3**, ¶ 7; **15-3**, ¶ 7. After running a database search and speaking with a small group of people who happen to work at nearby government offices, the process server concluded that he is "unable to locate" the co-defendants. **ECF Nos. 13-3**, ¶¶ 8-14; **13-4**, ¶¶ 8-14; **14-3**, ¶¶ 8-14; **14-4**, ¶¶ 8-14. However, it seems that the process server did not contact any of the co-defendants' four siblings, whom he personally served, to ask about their sisters' whereabouts. And, it is clear that plaintiff knows how to contact at least one of those four siblings by phone. *See* **ECF Nos. 3-3**, ¶ 6; **15-3**, ¶ 6.

Based on the above facts, the Court finds that plaintiff has not made sufficient attempts to discover the identity, let alone existence, of any John Doe members of the Estate, or the current whereabouts of the two named, but unserved, co-defendants. Thus, it is not yet clear whether that information is, indeed, not reasonably ascertainable. If plaintiff truly wanted to find these

parties, it would have, at the very least, spoken to the four named co-defendants (and siblings) in Ponce that it has already found. Accordingly, the Court finds that plaintiff does not warrant authorization to serve these parties by publication. *See* P.R. Laws Ann., tit. 32, App. V, R. 4.6(a).

Although plaintiff has failed to find any proof that a John Doe member of the Estate even exists, plaintiff has still named John Doe co-defendants. It appears to be an open question of law in this circuit "whether John Does are permitted in diversity cases originally filed in federal court, as this case was." *See Universal Commc'n Sys., Inc.* v. *Lycos, Inc.*, 478 F.3d 413, 426 n.10 (1st Cir. 2007). And, as the Court of Appeals has noted, there is reason to believe that the answer is "no." *Id.* (citing *Howell* v. *Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (per Posner, C.J.)). Accordingly, the Court shall order plaintiff to show cause as to why the Court has original jurisdiction of the action in light of the potentially non-diverse citizenship of the parties due to the inclusion in the complaint of a John Doe party.

Moreover, although plaintiff has returned executed summonses for CRIM, Hacienda, and the United States, the Court orders plaintiff to show cause as to why service has been properly effectuated as to those parties. Hacienda, for example, is an instrumentality of the Puerto Rico government and, thus, it is an "indispensable requirement" that plaintiff must serve process not only on the "chief executive" of Hacienda, but also on "the [Puerto Rico] Secretary of Justice or [on] the person he designates." P.R. Laws Ann., tit. 32, App. V, R. 4.4(g) (own translation). But plaintiff does not appear to have served the Secretary of Justice. *See* **ECF No. 5**. Similarly, CRIM, too, is an instrumentality of the Puerto Rico government. *Plaza Las Americas, Inc.* v. *Centro de*

*Recaudacion de Ingresos Municipales*, 173 D.P.R. 230, 240 (P.R. 2008); *see also* P.R. Laws Ann., tit. 21, § 5802 (stating that CRIM is a "municipal entity, independent and separate from any other agency or instrumentality of the [Puerto Rico] Government."). Once again, however, plaintiff does not appear to have served the Secretary of Justice. *See* **ECF No. 4**. And, although plaintiff appears to have served process on the U.S. Attorney for this District, it does not appear that plaintiff has also served the U.S. Attorney General pursuant to Federal Rule of Civil Procedure 4(i)(1)(B). *See* **ECF No. 9**. Accordingly, the Court finds that plaintiff has not yet proven service on those parties and, thus, orders plaintiff to show cause as to why that finding is wrong.

In sum, the Court hereby **DENIES** plaintiff's motions to authorize service by publication, filed at **ECF Nos. 3**, **13**, **14**, and **15**. The Court also **NOTES** and **GRANTS** plaintiff's motions for a ruling on its motions for service by publication insofar as they request consideration of those motions. *See* **ECF Nos. 16**, **17**. Finally, the Court **ORDERS** plaintiff to show cause as to why the Court has original jurisdiction of the action in light of plaintiff's inclusion of a John Doe party of unknown citizenship in the complaint, and also as to why CRIM, Hacienda, and the United States are to be deemed properly served. Plaintiff has fourteen (14) days in which to respond to this order to show cause. Failure to do so may result in the dismissal of the action as a sanction.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 16th day of June, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**